*310 OPINION.
Black:
The only" question before us is the character of the payments made by petitioner to its secretary and general manager, Schweigert, during the taxable years 1923,1924,1925, and 1926. The petitioner contends that the entire sums paid by it to Schweigert were salary payments, and therefore deductible as ordinary and necessary expenses, while respondent contends that so much of said payments as were made under the contract as commissions fo,r the sale of preferred stock were capital expenditures and not deductible in any amount.
If the contested payments made by petitioner to Schweigert in each of the taxable years were straight commissions for' the sale of its preferred stock, there could be no question that such payments were capital expenditures made in procuring petitioner’s working-capital and are not deductible as ordinary and necessary business expenses. Emerson Electric Mfg. Co., 3 B. T. A. 932; Harrisburg Hospital, 15 B. T. A. 1014; Simmons & Co., 8 B. T. A. 631.
But in the instant case the payments in question were of a mixed character. Upon the organization of petitioner, Schweigert was selected as secretary and general manager of the corporation. In order to save expenses and not burden the corporation with a heavy *311 expense account from the outset, Schweigert agreed that for the first year his entire compensation for the services of every character which he was to perform for the corporation should be measured by the commissions paid him for selling the preferred stock. This agreement was modified somewhat in the resolution of the corporation September 4,1923. In the light of this original agreement, and as modified September 4, 1923, manifestly the payments which he received for selling the preferred stock were of a two-fold character. In part, they were payment of commissions for selling the stock, and to that extent were capital expenditures and not deductible. In part, these payments were for Schweigert’s miscellaneous duties as general manager of the company and had no connection whatever with sale of the capital stock of the company. To the extent that these payments were made to Schweigert in payment of these miscellaneous services performed, they were ordinary and necessary business expenses of petitioner and are deductible in the years when paid. The composite character of these payments is shown by the resolution of the corporation dated September 4, 1923, set out in our findings of fact.
We have set out in our findings of fact what we deem a reasonable salary in each of the taxable years for the services which Schweigert performed for petitioner as its secretary and general manager, having no connection with his sale of the corporation’s capital stock. These amounts should be allowed petitioner as a deduction from its gross income in each of the taxable years as ordinary and necessary business expenses. In all other respects the determination of the Commissioner is approved.

Decision will be entered wider Rule 50.